IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| DEBRA WILLIAMS ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| vs. ) | |
| ) | |
| PORTFOLIO RECOVERY, ) | **JURY DEMAND ENDORSED HEREON** |
| ASSOCIATES, LLC ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, DEBRA WILLIAMS by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Wilson, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in North Carolina and which has its principal place of business in Norfolk, Virginia.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about June 1, 2009 and continuing thereafter, Defendant's representatives and/or agents began placing telephone calls to Plaintiff in attempts to collect an alleged debt.

8. The aforementioned telephone calls occurred multiple times per day and on several occasions, numbered more than ten (10) per week.

9. Further, Defendant's representative and/or employee used language during some of the aforementioned telephone calls which was abusive to Plaintiff.

10. Moreover, Defendant's representative and/or employee threatened to obtain a lien on Plaintiff's property during at least one of the aforementioned telephone calls, stating "we can take a lien out on your property.".

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Using obscene or profane language and/or language the nature and consequence of which was to abuse our client, in violation of 15 U.S.C. § 1692d(2);

    b. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    c. Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or was not intended to take such action, in violation of 15 U.S.C. § 1692e(4);

    d. Threatening to take action that could legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5); and

    e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DEBRA WILLIAMS, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  c.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection

Agencies Engaged in the Collection of Debts from Consumers Statute)

  13. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

  14. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

  a. Using obscene or profane language and/or language the nature consequence of which was to abuse the Plaintiff in violation of N.C. Gen. Stat 58-70-100(1);

  b. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation N.C. Gen. Stat. § 58-70-100(3);

  c. Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of our client, and/or the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or you did not intend to take such action, in violation of N.C. Gen. Stat. § 58-70-95(5) and (6);

  d. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and (8);

e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DEBRA WILLIAMS, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 493-0770, ext. 305 (phone)
(866) 551-7791 (facsimile)
lynette@luxenburglevin.com